UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ERIN BRITTNEY PATRICK,

Plaintiff,

v.

EVAN TYLER FELDSTEIN, *et al.*,

Defendants.

Case No. 2:26-cv-01485-JAD-EJY

**ORDER**

Pending before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint alleging various violations of federal and state law.  ECF Nos. 1, 1-2.  Plaintiff's IFP application is dismissed without prejudice and with leave to refile.  Plaintiff's Complaint is dismissed without prejudice and with *one* opportunity to amend.

**I.    Screening Standard**

Despite recommending denial of Plaintiff's IFP, the Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).  When conducting its review, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from relief.  28 U.S.C. § 1915A(b)(1), (2).  Hence, to survive dismissal a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Whether a complaint is sufficient to state a claim is determined by taking all allegations of material fact as true and construing these facts in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed

1

factual allegations, a plaintiff must nonetheless provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear a complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Finally, a complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.    Discussion**

a.    Plaintiff's Complaint.

Plaintiff's Complaint identifies eight defendants including Evan Tyler Feldstein, Acquisition.com, Skool Inc., LLC, Real Broker LLC, Sharran Srivatsaa, Alexander Hormozi, Leila Hormozi, and Christopher Patrick. ECF No 1-2 at 1-2. These eight defendants allegedly "cultivated personal and business relationships" with Plaintiff, "under false pretenses," which led to an invasion of privacy, intrusion on seclusion, misappropriation of likeness, intentional infliction of emotional distress, civil conspiracy, and a violation of the Computer Fraud and Abuse Act ("CFAA"). Other than identifying Mr. Feldstein, whom Plaintiff met through Bumble (an online dating application), Plaintiff alleges no facts identifying any action or inaction taken by any defendant that supports one or more of her causes of action. ECF No. 1-2 at 3-7. Mr. Feldstein was dismissed from this action and judgment was entered in his favor on June 25, 2026. ECF No. 7.

There is a document attached to Plaintiff's Complaint titled "Cease and Desist Demand" sent to two of the named defendants (Acquisition.com and Skool Inc., LLC). ECF No. 1-2 at 8-9. The letter demands these defendants (and other entities not sued) stop using Plaintiff's likeness and cease interfering with her safety, privacy, and legal rights. *Id*. Plaintiff claims the entities to whom the letter was sent monitored her personal electronic devices; surveilling her using "cameras associated with personal devices, hotels, casinos, public surveillance infrastructure, or other recording

2

systems"; impersonated or manipulated individuals in her "personal network to monitor, intimidate, or influence" her; engaged in coercive or exploitive "conduct relating to sexual activity" resulting "in business ownership or brand equity that was never granted"; and engaged in "psychological intimidation or messaging designed to discourage disclosure of these events …." *Id*. at 8. Also attached to Plaintiff's Complaint is a letter stating that in December 2025, Plaintiff was residing at Shade Tree. *Id*. at 10.

In her only claim clearly identified as arising under federal law—CFAA—Plaintiff alleges "[d]efendants intentionally accessed protected computers, electronic accounts, devices, cloud systems, and digital platforms without authorization or in excess of authorization"; "[d]efendants obtained information, caused damage, interfered with systems, and [engaged in] further[] fraudulent activity through such unauthorized access"; and caused Plaintiff damages "exceeding statutory thresholds under 18 U.S.C. § 1030." *Id*. at 5. To the extent Plaintiff seeks to assert her civil conspiracy claim under federal law, she states: "Defendants agreed among themselves to engage in unlawful acts and/or lawful acts through unlawful means, including unauthorized surveillance, account access, impersonation, interference with business relationships, and misuse of Plaintiff's likeness and information." *Id*. at 6.[1]

    b.    <u>Jurisdiction</u>.

The Court has a duty to ensure it has subject matter jurisdiction over a dispute on which it is asked to act. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Further, federal courts have the authority to determine the scope of their jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

---

[1] The Court does not discuss Plaintiff's state law claims because in the absence of a federal claim, the Court will decline to exercise pendant jurisdiction. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

"The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

Federal district courts "have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal district courts also have subject matter jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  28 U.S.C. § 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Plaintiff, a Nevada resident, attempts to state claims against entities she claims are conducting business in Nevada.  ECF No. 1-2 at 2.  Plaintiff does not identify what business these entities are conducting, their respective principal places of business or their states of incorporation.  For this reason, Plaintiff does not plead subject matter jurisdiction based on diversity of citizenship. *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1173 (9th Cir. 2025) (citing 28 U.S.C. § 1332(a)); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) ("a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties.").  Moreover, Plaintiff currently fails to state a claim arising under CFAA or federal civil conspiracy law. *See* below.  For this reason, Plaintiff's Complaint does not presently state a basis for jurisdiction under 28 U.S.C. § 1331.  In sum, Plaintiff cannot proceed in federal court based on the allegations in her Complaint because there is no basis upon which the Court is able to properly exercise subject matter jurisdiction.  However, as stated below, leave to amend is granted.

c.    Plaintiff Does Not Plead Facts Sufficient to State a CFAA or Civil Conspiracy Claim.

The Court is mindful that "[a] claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *EVIG, LLC v. Natures Nutra Co.*, 685 F.Supp.3d 991, 995 (D. Nev. 2023) (internal citation omitted). Where a plaintiff's allegations lead only to the inference of a mere possibility of misconduct, the claim is deficient and must be dismissed. *Iqbal*, 556 U.S. at 679. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Further, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which such claims rest. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).

1.    *Federal Civil Conspiracy (RICO)*[2]

To state a federal civil RICO claim Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). The heightened pleadings standards applicable to fraud claims under Federal Rule of Civil Procedure 9(b) apply to federal civil RICO actions. *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Rule 9(b) requires that the circumstances constituting fraud are stated with particularity, including the time, place, and specific content of the false representation. *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986)). Rule 9(b) does not allow a complaint to merely lump multiple

---

[2]    To the extent Plaintiff intended to bring a Nevada state law civil conspiracy claim, her claim fails for the same reasons her federal claim fails; that is, Plaintiff fails to plead sufficient facts to give each defendant fair notice of the factual allegation that support the claim against them. "Under Nevada law, a civil conspiracy is a 'combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *Uy v. Van*, Case No. 2:24-cv-00599-GMN-DJA, 2025 WL 343130, at *4 (D. Nev. Jan. 29, 2025) (quoting *Collins v. Union Federal Sav. & Loan Ass'n.*, 662 P.2d 610, 622 (Nev 1983)). "To state a claim for civil conspiracy, plaintiffs must allege two elements: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." *Banerjee v. Cont'l Inc..*, Case No. 2:16-CV-669 JCM (VCF), 2016 WL 5939748, at *7 (D. Nev. Oct. 11, 2016) (citing *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001)). "Further, in pleading a claim for civil conspiracy, plaintiffs must plead with particular specificity as to 'the manner in which a defendant joined in the conspiracy and how he participated in it.'" *Id*. (quoting *Arroyo v. Wheat*, 591 F.Supp. 141, 144 (D. Nev. 1984)).

defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007); *Doe v. Universal Music Group*, 3:25-cv-00333-ART-CLB, 2025 WL 3251433, at *3 (D. Nev. Nov. 21, 2025) (internal quote marks omitted). Plaintiff's allegations do not assert facts necessary to state a civil RICO claim.

First, a review of Plaintiff's Complaint demonstrate she does not plead her federal civil conspiracy claim with particularity. ECF NO. 1-2 at 2-4. Second, in order to show a "pattern of racketeering activity" Plaintiff must allege "at least two acts of racketeering activity, which must be 'related' and 'amount to or pose a threat of continued criminal activity.'" *Nutrition Distribution LLC v. Custom Nutraceuticals LLC*, 194 F.Supp.3d 952, 957 (D. Ariz. 2016) (cleaned up) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, (1989). "Where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by *each* defendant." *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F.Supp.2d 1002, 1035 (C.D. Cal. 2011) (citing *United States v. Persico,* 832 F.2d 705, 714 (2d Cir. 1987), *cert. denied,* 486 U.S. 1022 (1988)). And even when a plaintiff plausibly alleges two predicate acts, a civil RICO claim may still fail where a plaintiff fails to sufficiently demonstrate continuity. *Puana v. Kealoha*, 587 F.Supp.3d 1035, 1052-53 (D. Haw. 2022). "'[C]ontinuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.* , 492 U.S. at  241.

Throughout her Complaint Plaintiff states broad generalities of activity against the remaining defendants never identifying which defendant engaged in what act or how that acts of each defendant evidence a pattern of racketeering causing Plaintiff damage. Instead, Plaintiff states there was wrongdoing in various forms, collectively by defendants. ECF No. 1-2 ¶¶ 1-5; 22-34. These allegations fail to meet the pleading requirement of Federal Rule of Civil Procedure 8 by, at a minimum, failing to identify two predicate acts by each defendant that are related to, amount to, or pose a threat of continued criminal activity. *Yamaguchi*, 109 F.3d at 1481; *Nutrition Distribution LLC*, 194 F.Supp.3d at 957.

Accordingly, Plaintiff's civil conspiracy claim fails to state a claim upon which relief may be granted. This claim is dismissed without prejudice and with one opportunity to amend.[3]

ii.   CFAA

"CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009). To state a CFAA claim, a private plaintiff must prove that the defendant violated one provision of 18 U.S.C. § 1030(a)(1) (7), and that violation must involve one of the factors listed in 18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V). *See* 18 U.S.C. § 1030(g).

A review of 18 U.S.C. § 1030(a)(1) through (7) demonstrates this is a complicated and detailed statute. Some provisions clearly do not apply to Plaintiff.[4] To this end, Plaintiff fails to (1) identify under which, if any, of the statutory prohibitions found in the statute she proceeds and, (2) plead facts supporting such CFAA claim. The Court cannot supply essential elements of a claim that were not initially pled—even in the context of a *pro se* plaintiff. *Richards v. Harper,* 864 F.2d 85, 88 (9th Cir. 1988); *Ivey v. Board of Regents of University of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). Although the Federal Rules of Civil Procedure are very liberal as to pleading where a plaintiff is proceeding *pro se,* even a *pro se* complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the asserted cause of action. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

---

[3]   The Court further notes if Plaintiff did not intend to assert civil RICO, she does not identify under what theory she asserts her civil conspiracy claim. ECF No. 1-2.

[4]   CFAA is an extremely dense and complicated statute containing numerous provisions that do not apply to Plaintiff. *See*, by way of example, *United States v. Schulte*, in which the Southern District of New York explained that 18 U.S.C. §§ 1030 (a)(1) and (a)(2)(B) require the federal government to prove that a defendant accessed a computer initially with authorization, and then exceeded the defendant's authority by accessing and obtaining information that is in question. 578 F.Supp.3d 596, 616-17 (S.D.N.Y. 2021). The court further explained that 18 U.S.C. "§ 1030(a)(5)(A) proscribes the intentional transmission of, among other things, any "code or command" that causes "damage" without authorization to a "protected computer." *Id.* at 617.

Moreover, 18 U.S.C. § 1030(c)(4)(A)(i)(I)-(VI) addressing damage states: "(I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value; (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals; (III) physical injury to any person; (IV) a threat to public health or safety; (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security; or (VI) damage affecting 10 or more protected computers during any 1-year period."

Plaintiff's CFAA pleaded claim is far too vague for the Court to analyze or any defendant to identify and respond substantively to her allegations.  While it may not be impossible for Plaintiff to state a CFAA claim, she fails to do so in her current Complaint.  Accordingly, this claim is dismissed without prejudice and without leave to amend.

**III.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court is to send Plaintiff a blank *in forma pauperis* application for a non-prisoner, together with the instructions for completing the same. Plaintiff must complete the information, including any sources of income and all expenses (including those for the individual identified as J.P.), and file the same no later than **July 29, 2026**.  Failure to complete an IFP that explains Plaintiff's financial status will result in a recommendation to dismiss this action in its entirety without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-2) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint she must do so at the same time she files her revised *in forma pauperis* application—that is, no later than **July 29, 2026**.  Plaintiff's amended complaint must be titled "AMENDED COMPLAINT" and must include sufficient facts to support the federal claims she seeks to bring or, if she pleads claims arising only under state law, the facts necessary to establish diversity jurisdiction.  Plaintiff's amended complaint must include all claims and facts to support such claims so that each defendant understands that he, she, or it is able to respond to the factual allegations asserted against that defendant.  The Court will not refer back to Plaintiff's original Complaint to review any allegations when screening the amended complaint.

IT IS FURTHER ORDERED that the Clerk of Court is to send Plaintiff a blank form complaint for a civil non-prisoner plaintiff.

IT IS FURTHER ORDERED that Plaintiff may **not** plead claims against Evan Tyler Feldstein as he was dismissed from this action.

IT IS FURTHER ORDERED that failure to file an amended complaint that complies with the timing and substantive requirements of this Order may result in a recommendation to dismiss this action in its entirety without prejudice.

Dated this 29th day of June, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE